**CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE**

Commonwealth of Virginia

v.

Patrick Alexander Williams

April 23, 1992

Case No. 92–11

By Judge Jay T. Swett

The defendant has moved to suppress statements made following his arrest on the grounds that he was denied his constitutional right to counsel. Evidence was taken at a suppression hearing on April 14, 1992. Testimony established that the following occurred.

Sometime during the evening of October 21, 1991, Detective G. Q. Fields received information from a reliable informant that a black male was selling cocaine near the intersection of Tenth and Page Streets. When Detective Fields arrived at that location, he saw a black male fitting the description given to him by the informant. Detective Fields approached the defendant and advised him that information had been given that he was selling cocaine. The defendant denied that he had any cocaine. When Detective Fields asked him if he would consent to a search of his person, the defendant declined. Detective Fields then brought the defendant to the police station where he was held until a search warrant was obtained. While the defendant was being held and Detective Fields was preparing the documents to obtain the search warrant, the defendant said the following to Detective Fields: "F—- it, you're not searching me. I want to talk to a lawyer." Detective Fields made no response. The search warrant was obtained and executed, and cocaine was found on the defendant.

Shortly thereafter, the defendant was given his *Miranda* rights and executed a form indicating that he understood those rights and that

he would waive them. He then made a brief written statement, a portion of which indicated that he had cocaine and was trying to sell it so he could buy liquor.

Detective Fields also testified that while the defendant smelled of alcohol, he could walk unassisted and that he was not so intoxicated that he would have been arrested for being drunk in public. Detective Fields denied any coercion, pressure, threats or promises made to the defendant before or during the interrogation. Detective Fields denied that the defendant made any further requests for an attorney after he was given his *Miranda* rights and signed the waiver form.

In addition to Fields and the defendant, Detective C. E. Marshall was present when the defendant was given his *Miranda* rights and signed the waiver. Detective Marshall testified that the defendant had been drinking, but he could not say how much. He did not remember whether the defendant's speech was slurred. He never heard the defendant ask for an attorney. He never heard the defendant say that he was unwilling to speak to the officers. He said that the defendant rambled during the interrogation. Marshall also denied that any coercion, threats or promises were made during the interrogation. Detective Marshall was not aware of the earlier request by the defendant to talk with an attorney. Detective Marshall learned of this from Detective Fields after the defense counsel had filed the motion to suppress. Both officers testified that the defendant appeared to understand their questions and what occurred during the interrogation.

The defendant's testimony differed from that of the officers. For example, he testified that he told the officers repeatedly that he wanted an attorney. He stated that he was drunk at the time he was taken into custody. He could not recall his *Miranda* rights being read to him. He recalled one officer helping him spell one or two words that he wrote in his statement. He testified that he did not know what the word "waiver" meant. He testified that the officers kept asking him for names of individuals and for information about others involved in selling cocaine. He stated that he signed the form because the officers kept putting it in his face. He did testify that he was aware of his rights under *Miranda* and had heard them before.

The defendant contends that his Fifth Amendment right to have counsel present during his interrogation was denied, and therefore, his written statement should be suppressed. Relying on *Edwards v.*

*Arizona*, 451 U.S. 477 (1981), the defendant argues that he made an unequivocal request for an attorney and therefore could not be subject to any further interrogation until an attorney was made available to him or unless he initiated further discussions. The Commonwealth argues that the request for an attorney was made before the defendant was arrested and was asserted in the context of his refusal to consent to a search. The Commonwealth further argues that the defendant made a knowing, intelligent and voluntary waiver of his right to counsel as evidenced by the signed waiver of rights form. Absent any evidence of coercion, threats or promises, the Commonwealth contends that the statement is admissible.

The question presented here is slightly different from the precise issue decided in *Edwards v. Arizona*. There, the Supreme Court held that one who "expressed his desire to deal with the police only through counsel is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." 415 U.S. at 484–485. Moreover, once a defendant has asserted his right to counsel, a subsequent waiver, to withstand constitutional challenge, must satisfy two requirements. "First, further discussions between the police and the accused must have been initiated by the accused. Second, the accused must have knowingly and intelligently waived his right to counsel." *Correll v. Commonwealth*, 232 Va. 454, 462 (1987); *Smith v. Illinois*, 461 U.S. 91, 95 (1984).

The evidence here is that the defendant made an unequivocal request for an attorney. The evidence is that shortly thereafter,[1] the defendant was read his *Miranda* rights and signed a form indicating that he understood and waived them. He was then questioned by two officers and gave a written incriminating statement. There was no evidence that the interrogation conducted of the defendant was initiated by him nor was there evidence that counsel was made available to him before he was questioned.

Because the sequence of events that occurred here is important, it is worth restating them. The defendant was approached by police

---

[1] Detective Fields testified that 15 to 20 minutes elapsed between the time the defendant said that he wanted to talk to a lawyer and when he was questioned and gave the written statement.

officers at a street intersection and was told that he was suspected of dealing in cocaine. The defendant denied that he had any cocaine, and he refused a request that he voluntarily submit to a search. He was then taken by the police to the police station where he was held while the officers prepared the necessary documents to obtain and execute a search warrant. At that time, the officers had not formally placed the defendant under arrest. He was not formally arrested until after the search warrant was executed and the cocaine was found in his pocket. At that point, he was told that he was under arrest, and the interrogation ensued immediately.

The question here is what significance is to be made of the defendant's statement that he was not going to be searched by the officers and that he wanted to talk to a lawyer. Detective Fields testified that he believed that the request was asserted in conjunction with the search, and therefore, he did not make any further inquiries of the defendant as to what he meant by his request to talk with an attorney. Shortly after requesting an attorney, however, the defendant was read his *Miranda* rights which included his right to have an attorney present during questioning. No reference was made by Detective Fields to the defendant's request for an attorney made 15 or 20 minutes earlier.[2]

Of the Fifth Amendment rights afforded a person charged with a criminal offense, the right to have counsel present during a custodial interrogation is perhaps the most significant. See *Miranda v. Arizona*, 384 U.S. 436, 469 (1966); *Fare v. Michael*, 442 U.S. 707, 719 (1979). Moreover, the Supreme Court has repeatedly approved of the application of a "bright-line rule" in cases involving the application of the *Edwards* rule. *Arizona v. Roberson*, 108 S. Ct. 2093, 2098 (1988). The advantage in having and applying such a rule "benefits the accused and the State alike [and] has been thought to outweigh the burdens that the decision in *Miranda* imposes on law enforcement agencies and the courts by requiring the suppression of trustworthy and highly probative evidence, even though the confession might be voluntary under traditional Fifth Amendment analysis."

---

[2] As previously stated, the defendant testified that he made several requests for an attorney before and during the interrogation. However, the defendant's testimony as to these requests is not credible, and this Court finds that the only request made by the defendant for an attorney was the one admitted to by Detective Fields and made shortly before the interrogation.

*Fare v. Michael*, 442 U.S. at 719; see *Arizona v. Roberson*, 108 S. Ct. at 2098.

This is not a case in which there was some doubt about the import of the defendant's request for an attorney. Detective Fields testified that had the defendant made the same request after the interrogation had commenced, he would have promptly stopped questioning the defendant. Thus this is not a case in which there was some question whether the defendant did or did not want an attorney. See *Eaton v. Commonwealth*, 240 Va. 236 (1990); *Poyner v. Commonwealth*, 229 Va. 401 (1985). The question presented here, and not decided in *Edwards*, is whether a request for an attorney made prior to formal arrest and prior to the commencement of a custodial interrogation requires the application of the *Edwards* rule.

One might argue here that a request for an attorney made prior to being placed under arrest and before any custodial interrogation begins does not require a strict application of the *Edwards* rule. Under other circumstances, perhaps that is correct. However, the fact that the defendant here was not placed under arrest until after the cocaine was found in his pocket does not in and of itself avoid the application of the *Edwards* rule. The defendant was approached at Tenth and Page Streets by two officers who believed the defendant was dealing cocaine. When he refused to agree to be searched, he was taken by the officers from that intersection to the police station. He was held there while the officers prepared documents to obtain a search warrant. The search warrant was issued and immediately executed. There can be little doubt that the time the defendant was in the police station, he was in custody, although not formally placed under arrest. He was held there so that the search warrant could be obtained and executed. Viewing all of the circumstances that existed at that time, the defendant was being deprived of his freedom in a significant way, although not formally under arrest. While this itself does not determine the issue, it does shed light on whether the *Edwards* rule should apply under these facts.

It is my conclusion that the defendant did make a timely and proper request for the assistance of an attorney at a time when he was in custody. The request was not honored, and a custodial interrogation occurred within 15 or 20 minutes of that request. The interrogation was not initiated by the defendant, nor was he provided an attorney in response to his request. While this request may have

come before his formal arrest, this does not diminish the fact that he made a clear and unequivocal demand for his Fifth Amendment right to have counsel present. In view of the fact that a custodial interrogation occurred within a very short time after the demand for counsel, this Court must conclude that the *Edwards* rule should apply and the defendant's written statement must be suppressed.